**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JOSE J. R. D.,[1]

Petitioner,

v.

JAIL ADMINISTRATOR, PETER BERG, MARKWAYNE MULLIN, AND TODD BLANCHE,

Respondents.

Case No. 26-CV-2839 (NEB/JFD)

**REPORT AND RECOMMENDATION**

---

Petitioner Jose J. R. D. has filed a Petition for Writ of Habeas Corpus (Dkt. No. 1), pursuant to 28 U.S.C. § 2241. That petition has been referred to the undersigned for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. Petitioner claims that he is being unlawfully detained in violation of his Fifth Amendment right to due process, s*ee Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent"). In his Petition and simultaneously filed Motion for Temporary Restraining Order (Dkt. No.

---

[1] This District has adopted a policy of using only the first name and last initial of nongovernmental parties in immigration cases.

2),[2] Petitioner seeks immediate release from custody, or, in the alternative, a bond hearing on his continued detention.

## I. Background

Petitioner is a citizen of Honduras who entered the United States in 2014, in his mid-twenties, and has lived here continuously ever since. (Pet. ¶¶ 15–16, Dkt. No. 1.) He resides in South Dakota with his wife, a Legal Permanent Resident. (*Id.*) In 2019, Petitioner's wife filed a Form I-130, "Petition for Alien Relative" on his behalf[3] (*id.* ¶ 17), and the Department of Homeland Security ("DHS") approved that petition (*id.* ¶ 18). On January 9, 2023, when that petition was approved, Petitioner filed an Application for Provisional Unlawful Presence Waiver, and DHS issued a Notice approving that petition on August 1, 2025. (Pet. Ex. A, Dkt. No. 1-2.) The award of an immigrant visa for Petitioner was contingent upon him leaving the United States, appearing for an interview

[2] Because the Motion for a Temporary Restraining Order seeks the same relief as does the Petition for Writ of Habeas Corpus, the Court does not analyze the Temporary Restraining Order motion separately.

[3] "Under the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.,* citizens and lawful permanent residents (LPRs) of the United States may petition for certain family members—spouses, siblings, and children of various ages—to obtain immigrant visas." *Scialabba v. Cuellar de Osorio*, 573 U.S. 41, 45 (2014). The first step is for the citizen or LPR to file a petition on behalf of the foreign relative. *Id.* at 47 (citing 8 U.S.C. §§ 1154(a)(1)(A)(i), (a)(1)(B)(i)(l), (b); 8 C.F.R. § 204.1(a)(1)8 C.F.R. § 204.1(a)(1)). "This petition is submitted on Form I-130, Petition for Alien Relative." *Garmai R. v. Petrovich*, No. 24-CV-4125 (KMM/ECW), 2025 WL 1685768, at *1 (D. Minn. June 16, 2025)

at a U.S. Embassy or Consulate in another country, and a U.S. consular official's determination that he was otherwise eligible for an immigrant visa.

Fewer than ten months after DHS approved his Application for Provisional Unlawful Presence Waiver, Petitioner was arrested on probable cause in Minnehaha County, South Dakota for allegedly driving under the influence. (Norwood Decl. ¶ 5, Dkt. No. 9.) On the same day, a deportation officer with Immigration and Customs Enforcement ("ICE") issued a Form I-213 detainer to the Minnehaha County,[4] South Dakota jail, before serving Petitioner with an I-200 administrative warrant and arresting him. (*Id.* ¶¶ 5–6.) After being processed in Sioux Falls, South Dakota, Petitioner was transferred to the Kandiyohi County (Minnesota) Jail, where he remains detained. (*Id.*) At the time of his arrest, Petitioner was also served with a Notice to Appear before an immigration judge, and his immigration court proceedings have continued during his detention, including a hearing on June 8, 2026 and another hearing that was scheduled for June 22, 2026. (Gov.'s Br. 3, Dkt. No. 8.)[5]

## II. <u>Analysis</u>

Petitioner claims that the immigration authorities have deprived him of his right to due process, as enumerated in the Fifth Amendment to the United States Constitution. The

[4] Such detainers request that the local law enforcement agency with custody over the subject of the detainer (1) serve the subject with a copy of the detainer; (2) notify ICE before releasing Petitioner from its custody; and (3) maintain custody of Petitioner for up to 48 hours beyond his anticipated release to allow ICE to assume custody.

[5] The Petition was filed on June 3, 2026 (Dkt. No. 1). Whether the scheduled June 22, 2026 hearing took place, and if it did, what occurred, is not in the record.

government responds that Petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2). (Gov't's Br. 5, Dkt. No. 8.) Petitioner concedes that "individuals 'seeking admission' who are placed in removal proceedings are subject to detention without a bond hearing under 8 U.S.C. § 1225(b)(2)," (Pet. ¶ 40, Dkt. No. 1), but he argues that detention under that statute is limited to individuals seeking admission "at the border." (*Id.* ¶ 41.) This argument was recently rejected by the Eighth Circuit, which held that § 1225 mandatory detention "applies to aliens in the nation's interior as well as at the border." *Avila v. Bondi*, 170 F.4th 1128, 1137 (8th Cir. 2026). Petitioner does not mention the *Avila* decision in his petition, even though it is directly contrary to his position and had been decided at the time the Petition was filed.[6] To the extent that Petitioner bases his petition for relief on the argument that he is being held in violation of § 1225(b)(2) because he was arrested in the interior of the United States after living here for an extended period of time, the Court recommends that the petition be dismissed, pursuant to the Eighth Circuit's holding in *Avila*.

Petitioner claims that his "detention has become unreasonably prolonged and no longer bears a reasonable relation to its purported purpose (e.g., ensuring Petitioner's appearance at removal proceedings or protecting the public)." (Pet. ¶ 45, Dkt. No. 1.) As noted above, in *Zadvydas* the Court held that the Due Process Clause of the Fifth Amendment to the U.S. Constitution "applies to all 'persons' within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The Court also held that when reviewing a

[6] The Eighth Circuit issued its *Avila* decision on March 25, 2026, more than two months before the June 3 filing of the Petition.

petition for habeas corpus based on an alleged violation of a petitioner's Fifth Amendment due process rights,

> [T]he habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.

*Id*. at 699–700. *Zadvydas* also held that six months was a presumptively reasonable time for a reasonably foreseeable removal and that detentions that lasted longer than six months were presumptively unreasonable. That presumption could be rebutted if the government showed a significant likelihood of removal in the reasonably foreseeable future. *Id*. at 701.

To the extent that Petitioner seeks release based on his claim that his detention has been unreasonably prolonged, the Court recommends that the petition be denied. The Supreme Court held in *Zadvydas* that a six-month detention during the pendency of immigration proceedings was presumptively reasonable. At the time Petitioner filed his petition, he had been detained for approximately 20 days, and as of the date of this Report and Recommendation, his detention has lasted roughly two months. Further, the government has stated that during Petitioner's detention, his immigration court proceedings have continued, showing that while his removal may not be imminent, the process leading to either removal or release continues and he is not lingering in jail with no end in sight. Given the existing law on unreasonably prolonged immigration detention, the Court cannot find that Petitioner's detention, permitted by the Eighth Circuit's decision in *Avila*, has been unreasonably prolonged. Accordingly, the Court recommends that the

petition be denied to the extent it is based on that argument. Because the Court concludes that the petition should be denied, the Court finds that he is unlikely to succeed on the merits and recommends that Petitioner's Motion for Temporary Restraining Order (Dkt. No. 2) be denied.

The Court draws the parties' attention to the abbreviated timeline set forth in the Notice below for filing objections and responses to objections.

## III. Conclusion

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The relief requested in the Petition (Dkt. No. 1) be **DENIED**;
2. Petitioner's Motion for Temporary Restraining Order (Dkt. No. 2) be **DENIED**; and
3. Petitioner's Motion for Order to Show Cause (Dkt. No. 3) be **DENIED AS MOOT**.

Date: July 15, 2026

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. A party may file and serve specific written objections to these proposed findings and recommendations by **Wednesday, July 22, 2026**. A party may respond to those objections by **Wednesday, July 29, 2026**. All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).