**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| JOSE R.D., | Case No. 26-CV-2839 (NEB/JFD) |
| Petitioner, | |
| v. | |
| JAIL ADMINISTRATOR, KANDIYOHI JAIL; PETER BERG, Director of St. Paul Field Office, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; and TODD BLANCHE, Acting Attorney General of the United States, in their official capacities, | ORDER ON REPORT AND RECOMMENDATION |
| Respondents. | |

---

Petitioner Jose R.D. is in the custody of Immigration and Customs Enforcement ("ICE") pending the outcome of his ongoing removal proceedings. He petitions for a writ of habeas corpus seeking release from custody or a bond hearing and moves for a temporary restraining order ("TRO"). In a Report and Recommendation ("R&R") dated July 15, 2026, United States Magistrate Judge John F. Docherty recommends that this Court deny Jose R.D.'s petition, and thus the TRO. (ECF No. 11.) Based on the arguments the parties have made, the Court accepts the R&R and orders the petition dismissed without prejudice.

## BACKGROUND

Jose R.D. is a citizen of Honduras who has lived in the United States since 2014. (ECF No. 1 ("Pet.") ¶ 15.) Throughout this time, he has worked to support his family. (*Id.*)

He lives in South Dakota with his wife who is a legal permanent resident. (*Id.*) In 2019, his wife filed a Form I-130, Petition for Alien Relative, on Jose R.D.'s behalf which initiates the process for Jose R.D. to seek lawful permanent resident status based on their marriage.[1] (*Id.* ¶ 17.) United States Customs and Immigration Services ("USCIS") approved the I-130 petition. (*Id.* ¶ 18.) Jose R.D. filed a Form I-601, Application for Waiver of Grounds of Inadmissibility, which USCIS also approved. (*Id.* ¶ 20; ECF No. 1-2.)

On May 14, 2026, Jose R.D. was in custody on DUI charges. (ECF No. 9 ¶ 5.) A Deportation Officer encountered Jose R.D. during routine ICE operations at the jail. (*Id.*) The Deportation Officer issued an Immigration Detainer, obtained a Form I-200 Warrant, and took Jose R.D. into ICE custody. (*Id.* ¶¶ 5–6.) ICE also filed a Notice to Appear and initiated removal proceedings against him. (Pet. ¶ 21; ECF No. 1-3.) ICE then transferred Jose R.D. to the Kandiyohi County Jail in Minnesota where he remains pending his removal proceedings.[2] (ECF No. 9 ¶ 6; Pet. ¶ 24.) Jose R.D. does not have a final order of removal. (ECF No. 2 at 2.[3])

Jose R.D. filed a habeas action arguing that his detention has been prolonged under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and that his detention violates the Immigration and Nationality Act. (Pet. ¶¶ 33–48.) Judge Docherty issued an R&R

---

[1] Under the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, citizens and lawful permanent residents may petition for their spouse to obtain an immigrant visa. 8 U.S.C. § 1153(a)(2); *Scialabba v. Cuellar de Osorio*, 573 U.S. 41, 45 (2014).

[2] According to the government, Jose R.D. had hearings in front of an immigration judge on June 8, 2026 and June 22, 2026 (ECF No. 8 at 3). The record contains no confirmation of those hearings or any information as to what happened at the hearings.

[3] All page citations to the record reference ECF pagination.

2

recommending that the Court deny Jose R.D.'s petition because his detention is not unreasonably prolonged and therefore does not violate the Constitution. (ECF No. 11 at 5–6.) Jose R.D. objects (ECF No. 12), so the Court reviews the R&R *de novo*.

**ANALYSIS**

**I.      Timeliness of Objection**

Although Jose R.D. filed his objection to the R&R a day late, the Court nonetheless considers the objection. (*Compare* ECF No. 11 at 6 ("A party may file and serve specific written objections to these proposed findings and recommendations by Wednesday, July 22, 2026), *with* ECF No. 12 (Jose R.D.'s objection dated July 23, 2026).)

The Court may still consider late-filed motions if the late filing was caused by "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is an "elastic concept" that allows the Court to accept "late filings caused by inadvertence, mistake, or carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 392 (1993)). In determining whether excusable neglect exists, the Court may consider (1) "the possibility of prejudice to" Respondents; (2) "the length of [the] delay and the possible impact of that delay on" the proceedings; (3) the "reasons for delay, including whether the delay was within" Jose R.D.'s control; and (4) whether Jose R.D. "acted in good faith." *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999). Here, each factor supports finding excusable neglect. Respondents do not, nor could they, allege prejudice because of a one-day delay. The Court therefore turns to the merits of the objection.

**II.     Due Process**

The R&R recommends denying Jose R.D.'s petition under *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court held that it is presumptively

3

constitutional for the government to detain an individual with a final removal order for six months. *Id.* at 701; 8 U.S.C. § 1231(a)(6) (authorizing detention of noncitizens with removal orders beyond the statutorily imposed 90-day removal period). Because Jose R.D.'s approximately two-month detention falls within the presumptively reasonable period of detention, the R&R concludes the detention does not violate due process.

Jose R.D.'s objections are unavailing. As an initial matter, the Court questions his reliance on the length, rather than the fact, of detention under the Due Process Clause. *Zadvydas*'s analysis as to when the length of detention violates due process is inapt here because *Zadvydas* had something this case lacks—a final order of removal. Respondents agree that *Zadvydas*'s length of detention analysis does not govern when, as here, Jose R.D. is detained under 8 U.S.C. Section 1225 pending removal proceedings (ECF No. 13 at 2 & n.2.) The *Zadvydas* prolonged-detention argument is inapplicable to Jose R.D.[4]

As to Jose R.D.'s specific objections: *First*, Petitioner disagrees that *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) forecloses his statutory claim because he believes he was misclassified as an arriving alien. He provides no further argument, and the R&R is correct that the Eighth Circuit held in *Avila* that Section 1225 mandatory detention "applies to aliens in the nation's interior as well as at the border." *Id.* at 1137.

*Second*, Jose R.D. complains that the R&R treats the *Zadvydas* six-month mark as a "hard minimum." (ECF No. 12 at 2–3.) But, as stated above, *Zadvdas*'s prolonged-

---

[4] Jose R.D. may have a due process argument regarding the fact of his detention. *See, e.g.*, *Felipe S.P. v. Blanche*, No. 26-CV-2212 (NEB/DJF), 2026 WL 1911656 (D. Minn. July 2, 2026). But Jose R.D. has not presented that argument, and so the Court will not consider it absent full briefing.

detention analysis is inapposite. And even if the Court considers the reasonableness of Jose R.D.'s length of detention, he was detained for twenty days before he filed the Petition. As of today's date, he has been detained for almost three months. He does not have an argument, at this point, for prolonged detention under the Constitution.

*Third,* Jose R.D. argues that his detention has blocked his ability to participate in a consular interview as part of the immigrant visa process. (ECF No. 12 at 3.) This argument is not well developed enough, on the current briefing, for the Court to consider it.

*Fourth*, Jose R.D. argues that the government did not present evidence that he is a danger to the public or a risk of flight. That may be so, but the government was not required to do so under the mandatory detention provision of Section 1225(b)(2)(A), and, more importantly, Jose R.D. does not appear to seek relief based on the *fact* of his detention. So this objection fails.

*Finally*, Jose R.D. argues that the R&R misapplied the Temporary Restraining Order factors, choosing to focus on the merits of the claim. Jose R.D. misses the point. The R&R states correctly that the "Motion for a Temporary Restraining Order seeks the same relief as the Petition for Writ of Habeas Corpus, the Court does not analyze the Temporary Restraining Order motion separately." (ECF No. 11 at 2 n.2.) In other words, Judge Docherty recommends dismissal of the petition, and if the petition is dismissed, the motion for a temporary restraining order must be dismissed as well.

The Court has reviewed the R&R *de novo* and Jose R.D.'s objections. The Court accepts the R&R and dismisses the petition without prejudice.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (ECF No. 11) is ACCEPTED;

2. Petitioner Jose R.D.'s Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED;

3. Jose R.D.'s Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED WITHOUT PREJUDICE; and

4. Jose R.D.'s Motion for a Temporary Restraining Order (ECF No. 2) is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 6, 2026                                    BY THE COURT:

                                                         s/Nancy E. Brasel
                                                         Nancy E. Brasel
                                                         United States District Judge